ILLINOIS EMERGENCY RELIEF COMMISSION, No. 24.

JULS LOCK, Claimant, *vs.* ILLINOIS EMERGENCY RELIEF COMMISSION, Respondent.

*Opinion filed July 24, 1937.*

758

ADVISORY OPINION BY MR. JUSTICE YANTIS.

*To the Illinois Emergency Relief Commission:*

Pursuant to your request for an Advisory Opinion, based upon the attached statement of facts submitted by you in the matter of the claim of *Juls Lock* vs. *Illinois Emergency Relief Commission,* the following Opinion is rendered, based upon the aforementioned statement:

We find that at the time of the accident in question, both employer and employee were operating under and bound by the provisions of the Illinois Workmen's Compensation Act; that said accident arose out of and in the course of such employment.

The facts submitted in the statement show that Juls Lock was employed as a laborer on a project in which the I. E. R. C. was an interested party; that on August 23, 1934 he was engaged in hauling material, and while riding on an Illinois Department of Highways truck at the corner of Division and Harlem Avenue in the City of Chicago, he lost his balance and fell, striking the left side of his head on the pavement. He was immediately taken to the State Hospital at Dunning, where he was found to have a slight skull fracture. He thereafter received X-ray examinations and treatment at the Cook County Hospital, and on May 7, 1937 was examined by Dr. George M. Hall of Chicago. From your statement it appears that all of his medical and hospital bills have been paid by the I. E. R. C.; that claimant was unable to work for a consider-

able period following his accident, and is still suffering from the results thereof, having occasional headaches and a dizziness when bending over or suddenly turning. Dr. R. F. Mackey states that it is better for the patient to do as much work as possible, insofar as same does not increase his disability. Your statement further shows that this is the same claim as that involved in the case of *Juls Lock* vs. *State of Illinois*, now pending in the Court of Claims under No. 2674; that claimant has been duly advised by his attorney, and that they have agreed to accept Six Hundred ($600.00) Dollars in full settlement of any rights which he may have, growing out of said accident.

While no sufficient showing as to present earning capacity appears, from which an accurate determination may be made as to the difference between what claimant was able to earn before the accident and the average amount which he is earning or is able to earn in some suitable employment since such accident, yet the facts are sufficient to show that both for the time lost by claimant following the accident and his present condition, such allowance would not be less than the Six Hundred ($600.00) Dollars which your report shows claimant and his attorney are willing to accept in full satisfaction.

We therefore find, that under the terms of the Workmen's Compensation Act claimant would be entitled to the sum of at least Six Hundred ($600.00) Dollars for injuries and loss of time resulting from said accident, and that a payment of said sum by the Illinois Emergency Relief Commission in full settlement is fully authorized under the terms of the Workmen's Compensation Act.

Payment of such claim should be subject: First, to a dismissal of the claim of *Juls Lock* vs. *State of Illinois*, No. 2674, now pending in the Court of Claims; and Second, the payment of such sum shall be made by the Illinois Emergency Relief Commission out of any funds held by it and allocated for such purpose.